The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES ROLAND CHEATHAM, *et al.*,<br><br>Defendants. | NO. CR18-131-RAJ<br><br>**MOTION FOR PROTECTIVE ORDER TO RESTRAIN CERTAIN FORFEITABLE PROPERTY**<br><br>NOTE ON MOTION CALENDAR:<br>December 7, 2018 |

## I. RELIEF REQUESTED

The United States, by and through its undersigned counsel, moves pursuant to 21 U.S.C. § 853(e)(1)(A) for entry of a protective order restraining the following forfeitable property pending resolution of this case:

1. Approximately $8,162 in U.S. currency, seized from Larry Dobbie Holloway on or about June 6, 2018, in Renton, Washington.

As detailed below, this property is subject to forfeiture, pursuant to 21 U.S.C. § 853(a) (facilitating property for, and/or proceeds of, conspiracy to distribute controlled substances) and should therefore remain available to the United States for that purpose until this case is resolved.

Motion for Protective Order to Restrain Certain Forfeitable Property - 1
*United States v. Cheatham, et al.*, CR18-131-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. RELEVANT PROCEDURAL FACTS

The defendants in this case were indicted on May 30, 2018, on charges of *Conspiracy to Distribute Controlled Substances*, among other offenses. *See* Dkt. No. 1. The United States gave notice of its intent to seek forfeiture in the Indictment. *Id.* at 18–20. Shortly thereafter, on June 6, 2018, law enforcement executed numerous search and seizure warrants at various locations associated with the defendants. *See* Affidavit of Federal Bureau of Investigation ("FBI") Task Force Officer ("TFO") Jonathan Huber in Support of the United States' Motion for Entry of a Protective Order, attached as Ex. A, ¶¶ 6 and 16–17. The currency identified above (hereafter, the "Subject Property") was seized during the execution of those warrants. *See id.* ¶¶ 17, 34–35, and 37–39.

On November 28, 2018, Defendant Larry Dobbie Holloway, among other defendants, was charged by Superseding Indictment on multiple counts, including *Conspiracy to Distribute Controlled Substances*. Dkt. No. 414. The Superseding Indictment also included forfeiture allegations that provided notice of the United States' intent to forfeit, *inter alia*, any property constituting proceeds of, and/or facilitating property for, the *Conspiracy to Distribute Controlled Substances*. *See id.* at 35–38. The allegations in the Superseding Indictment also specifically identified the Subject Property for forfeiture. *Id.* at 36.

After the Subject Property was seized, the Drug Enforcement Administration ("DEA") initiated administrative forfeiture proceedings against it. *Id.* ¶ 8. Defendant Holloway has made an administrative claim to the Subject Property. *Id.* Pursuant to 18 U.S.C. § 983(a)(3)(A)-(C), therefore, the United States is now required either to file a civil judicial forfeiture action against the Subject Property or to pursue its forfeiture in this criminal case and take steps to maintain custody of it. As reflected in the Superseding Indictment, the United States is pursuing criminal forfeiture of the Subject Property and now seeks its continued restraint for that purpose. Currently, the Subject Property is in the custody of the United States Marshals Service. Ex. A, ¶¶ 8 and 39.

Motion for Protective Order to Restrain Certain Forfeitable Property - 2
*United States v. Cheatham, et al.*, CR18-131-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III. GOVERNING LAW AND ARGUMENT

The United States requests that the Court issue a protective order restraining the Subject Property until this case is resolved, pursuant to 21 U.S.C. § 853(e)(l)(A). This statutory section authorizes the Court to enter orders or to fashion other remedies to preserve the availability of property subject to criminal forfeiture. *See United States v. Monsanto*, 491 U.S. 600, 612 (1989) ("Under § 853(e)(1), the trial court 'may' enter a restraining order if the United States requests it[.]"). Where there is probable cause to believe the relevant property is forfeitable, the United States is typically allowed to restrain it. *See United States v. Kaley*, 571 U.S. 320, 323 (2014) ("[P]re-trial asset restraint [is] constitutionally permissible whenever there is probable cause to believe that the property is forfeitable."); *see also Monsanto*, 491 U.S. at 615–16 (recognizing that Section 853(e)(1) allows for the pretrial restraint of assets where there is probable cause to believe they are forfeitable, stating "it would be odd to conclude that the Government may not restrain property . . . based on a finding of probable cause, when we have held that . . . the Government may restrain *persons* where there is a finding of probable cause to believe that the accused has committed a serious offense").

Here, the Subject Property was seized from the residence of Defendant Holloway, who has been charged by Indictment and Superseding Indictment. *See* Ex. A, ¶¶ 7 and 34–39. A Grand Jury, therefore, has already determined that there is probable cause to believe that Defendant Holloway committed the criminal offenses with which he has been charged—including *Conspiracy to Distribute Controlled Substances*. *See* Dkt. No. 414. If convicted of that offense, any property that facilitated or constitutes proceeds of the distribution conspiracy is forfeitable. *See* 21 U.S.C. § 853(a).

The facts reflecting the involvement of the Subject Property in that offense—i.e., stating probable cause for its forfeiture—are detailed in the attached affidavit of TFO Huber, as well as in the affidavit submitted in support of the application for the search warrants issued in W.D. Wash. Case No. MJ18-246-BAT (which TFO Huber's affidavit

Motion for Protective Order to Restrain Certain Forfeitable Property - 3
*United States v. Cheatham, et al.*, CR18-131-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

incorporates by reference).[1] *See* <u>Ex. A</u>, ¶ 16. These facts include, but are not limited to: the proximity of the Subject Property in Holloway's bedroom to three loaded firearms and multiple containers that field-tested positive for cocaine, *id.* ¶ 38; a trained K-9's alert to the presence of narcotics odors emanating from objects within that same room, *id.*; and investigators' interception of phone calls in which Holloway discussed his and others' activities related to drug trafficking, as well as related surveillance of Holloway's interactions with co-conspirators. *See id.* ¶¶ 35–36.

Based on these and the other facts detailed in TFO Huber's affidavit, the United States contends there is probable cause to believe that the Subject Property is subject to forfeiture. To preserve the Subject Property's availability for criminal forfeiture proceedings, the United States respectfully requests that the Court enter a protective order permitting its continued restraint through the conclusion of this case. A proposed order is submitted with this motion.

DATED this 29th day of November, 2018.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

/s/ Neal B. Christiansen

NEAL B. CHRISTIANSEN
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-4169
Neal.Christiansen2@usdoj.gov

---

[1] The application and supporting affidavit have previously been unsealed, *see* MJ18-246-BAT, Dkt. Nos. 1 and 115, and provided to counsel for Defendant Holloway.

Motion for Protective Order to Restrain Certain Forfeitable Property - 4
*United States v. Cheatham, et al.,* CR18-131-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record.

/s/ CJS

CHANTELLE J. SMITH
FSA Supervisory Paralegal, Contractor
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
206-553-2473
Chantelle.Smith2@usdoj.gov

Motion for Protective Order to Restrain Certain Forfeitable Property - 5
United States v. Cheatham, et al., CR18-131-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970