The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES ROLAND CHEATHAM, *et al.*,<br><br>Defendants. | NO. CR18-131-RAJ<br><br>**SECOND MOTION FOR PROTECTIVE ORDER TO RESTRAIN CERTAIN FORFEITABLE PROPERTY**<br><br>NOTE ON MOTION CALENDAR: December 28, 2018 |

## I.    RELIEF REQUESTED

The United States, by and through its undersigned counsel, moves pursuant to 21 U.S.C. § 853(e)(1)(A) for entry of a protective order restraining the following forfeitable property pending resolution of this case:

1.   One Sig Sauer P220, .45 caliber pistol, bearing Serial No. G232888, and any associated ammunition, seized on or about June 6, 2018, in Tumwater, Washington.

As detailed below, this property is subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) (property involved or used in a firearm offense), and should therefore remain available to the United States for that purpose until this case is resolved.

Second Motion for Protective Order to Restrain Certain Forfeitable Property - 1
*United States v. Cheatham, et al.*, CR18-131-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II.   RELEVANT PROCEDURAL FACTS

The defendants in this case were indicted on May 30, 2018, on charges of *Conspiracy to Distribute Controlled Substances*, among other offenses. Dkt. No. 1.  The United States gave notice of its intent to seek forfeiture in the Indictment. *Id.* at 18–20. Shortly thereafter, on June 6, 2018, law enforcement executed numerous search and seizure warrants at various locations associated with the defendants. *See* Affidavit of Federal Bureau of Investigation ("FBI") Task Force Officer ("TFO") Jonathan Huber in Support of the United States' Second Motion for Entry of a Protective Order, attached as Ex. A, ¶ 6.  The firearm and ammunition identified above (hereafter, the "Subject Property") were seized during the execution of those warrants. *See id.* ¶¶ 24–28.

On November 28, 2018, the defendants in this case were charged by Superseding Indictment on multiple counts, including *Carrying a Firearm During and in Relation to a Drug Trafficking Crime*, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2, and *Felon in Possession of a Firearm*, in violation of 18 U.S.C. §§ 922(g)(1) and 2. Dkt. No. 414.  The Superseding Indictment also included forfeiture allegations that provided notice of the United States' intent to forfeit, among other assets, any firearms or ammunition involved or used in any knowing violation of 18 U.S.C. §§ 922(g) or 924. *See id.* at 36–37.  On December 20, 2018, the United States filed a Forfeiture Bill of Particulars providing notice of the United States' intent to forfeit the Subject Property pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).[1] Dkt. No. 497.

After the Subject Property was seized, the Drug Enforcement Administration ("DEA") initiated administrative forfeiture proceedings against it. *See* Ex. A, ¶ 7.  An administrative claim has been made to the Subject Property (the claim was not filed by a defendant named in this case). *Id.*  Pursuant to 18 U.S.C. § 983(a)(3)(A)-(C), therefore, the United States is now required either to file a civil judicial forfeiture action against the

---

[1] The Subject Property was previously identified in Counts 46–47 of the Superseding Indictment. Dkt. No. 414, at 24–25.

1  Subject Property or to pursue its forfeiture in this criminal case and take steps to maintain

2  custody of it.  As reflected in the Forfeiture Bill of Particulars, the United States is

3  pursuing criminal forfeiture of the Subject Property and now seeks its continued restraint

4  for that purpose.  Currently, the Subject Property is in federal custody. *See* Ex. A, ¶ 7.

5  ### III.    GOVERNING LAW AND ARGUMENT

6  The United States requests that the Court issue a protective order restraining the

7  Subject Property until this case is resolved, pursuant to 21 U.S.C. § 853(e)(l)(A).  This

8  statutory section authorizes the Court to enter orders or to fashion other remedies to

9  preserve the availability of property subject to criminal forfeiture. *See United States v.*

10  *Monsanto*, 491 U.S. 600, 612 (1989) ("Under § 853(e)(1), the trial court 'may' enter a

11  restraining order if the United States requests it[.]").  Where there is probable cause to

12  believe the relevant property is forfeitable, the United States is typically allowed to

13  restrain it. *See United States v. Kaley*, 571 U.S. 320, 323 (2014) ("[P]re-trial asset

14  restraint [is] constitutionally permissible whenever there is probable cause to believe that

15  the property is forfeitable."); *see also Monsanto*, 491 U.S. at 615–16 (recognizing that

16  Section 853(e)(1) allows for the pretrial restraint of assets where there is probable cause

17  to believe they are forfeitable, stating "it would be odd to conclude that the Government

18  may not restrain property . . . based on a finding of probable cause, when we have held

19  that . . . the Government may restrain *persons* where there is a finding of probable cause

20  to believe that the accused has committed a serious offense").

21  Here, the Subject Property was seized during a search of a vehicle registered in the

22  name of Defendant Alonzo Williams Baggett, who has been charged by Indictment and

23  Superseding Indictment. *See* Dkt. Nos. 1 and 414.  A Grand Jury, therefore, has already

24  determined that there is probable cause to believe that Defendant Baggett committed the

25  criminal offenses with which he has been charged—including *Carrying a Firearm*

26  *During and in Relation to a Drug Trafficking Crime* and *Felon in Possession of a*

27  *Firearm. See* Dkt. No. 414, at 24–25.  If convicted of either of those offenses, any

28

Second Motion for Protective Order to Restrain Certain Forfeitable Property - 3
*United States v. Cheatham, et al.,* CR18-131-RAJ

1  firearms and ammunition involved in the offenses are forfeitable. *See* 18 U.S.C.
2  § 924(d)(1) and 28 U.S.C. § 2461(c).

3        The facts reflecting the involvement of the Subject Property in those offenses—
4  i.e., stating probable cause for its forfeiture—are detailed in the attached affidavit of TFO
5  Huber, as well as in the affidavit submitted in support of the application for the search
6  warrants issued in W.D. Wash. Case No. MJ18-246-BAT (which TFO Huber's affidavit
7  incorporates by reference).[2] *See* Ex. A, ¶¶ 16, 24–28.  These facts include, but are not
8  limited to: investigators' discovery of the Subject Property in a vehicle registered to
9  Baggett (*id.* ¶ 26); the recovery of the Subject Property from a backpack that also
10  contained currency and various substances that positively identified as heroin and cocaine
11  (*id.*); and Baggett's prior convictions of multiple crimes punishable by imprisonment for
12  a term exceeding one year. *Id.* ¶ 27.

13  ///
14  ///
15  ///

---

27  [2] The application and supporting affidavit have previously been unsealed. *See* MJ18-246-BAT, Dkt. Nos.
28  1 and 115.

Second Motion for Protective Order to Restrain Certain Forfeitable Property - 4
*United States v. Cheatham, et al.,* CR18-131-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Based on these and the other facts detailed in TFO Huber's affidavit, the United

2  States contends there is probable cause to believe that the Subject Property is subject to

3  forfeiture.  To preserve the Subject Property's availability for criminal forfeiture

4  proceedings, the United States respectfully requests that the Court enter a protective order

5  permitting its continued restraint through the conclusion of this case.  A proposed order is

6  submitted with this motion.

7    DATED this 20th day of December, 2018.

8                              Respectfully submitted,

9                              ANNETTE L. HAYES
                             United States Attorney
10

11

12

13                             NEAL B. CHRISTIANSEN

14                             Assistant United States Attorney
                             700 Stewart Street, Suite 5220
15                             Seattle, WA 98101-1271
                             (206) 553-4169
16                             Neal.Christiansen2@usdoj.gov

17

18

19

20

21

22

23

24

25

26

27

28

Second Motion for Protective Order to Restrain Certain Forfeitable Property - 5
*United States v. Cheatham, et al.,* CR18-131-RAJ

1
2

<u>CERTIFICATE OF SERVICE</u>

3        I hereby certify that on December _20_ , 2018, I electronically filed the foregoing

4   with the Clerk of the Court using the CM/ECF system, which will send notification of

5   such filing to the attorney(s) of record.

6
7
8
9

CHANTELLE J. SMITH
FSA Supervisory Paralegal, Contractor
10   United States Attorney's Office
700 Stewart Street, Suite 5220
11   Seattle, Washington  98101
206-553-2473
12   Chantelle.Smith2@usdoj.gov

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Second Motion for Protective Order to Restrain Certain Forfeitable Property - 6
*United States v. Cheatham, et al.,* CR18-131-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970