U.S. District Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES ROLAND CHEATHAM, et al.,<br><br>Defendants. | NO. CR18-131RAJ<br><br>UNITED STATES MOTION FOR ENTRY OF AN AMENDED COMPLEX CASE MANAGEMENT ORDER |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL SCOTT MORGAN, et al.,<br><br>Defendants. | NO. CR18-132RAJ |

U.S. Motion for Entry of Amended Case Management Order - 1
*U.S. v. Cheatham, et al., CR18-131RAJ; U.S. v. Morgan, et al., CR18-132RAJ;
U.S. v. Zeigler, CR18-161RAJ*

| UNITED STATES OF AMERICA, | NO.  CR18-161RAJ |
|---|---|
| Plaintiff, | |
| v. | |
| JIHAD ZEIGLER, | |
| Defendant. | |

## I.    INTRODUCTION

These related cases came before the Court for a status conference and motion hearing on February 22, 2019, including a hearing on motions to continue the trial date filed by multiple defendants.  The Court granted those motions and set a new trial date of September 9, 2019.  In the orders continuing the trial dates, the Court directed the parties to confer as to the entry of an amended complex case management order.

The parties have done so.  The government has circulated a draft proposed order to all of the parties that is based upon, but varies somewhat, from the Court's draft that was provided to the parties at the hearing on February 22, 2019.

A copy of the government's proposed order is submitted herewith.  The government asks that the Court enter this proposed order as is.

The government has heard back from most (but not all) of defense counsel remaining in this case.  Having concluded those consultations, the government believes there is a broad consensus as to *most* of the new deadlines proposed by the government, but not uniform agreement.  For example, almost all parties agreed to later deadlines for exchange of transcripts, expert disclosures, and the like than proposed by the Court, and the proposed order reflects that consensus.

## II.    AREAS OF DISAGREEMENT.

U.S. Motion for Entry of Amended Case Management Order - 2
*U.S. v. Cheatham, et al., CR18-131RAJ; U.S. v. Morgan, et al., CR18-132RAJ;*
*U.S. v. Zeigler, CR18-161RAJ*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Disclosure of Witness Lists and Jencks/Giglio as to Cooperating Defendants/Confidential Sources.** There does appear to be some dispute as to the appropriate date for the government to produce a witness list, and also produce *Jencks* Act material and *Giglio* impeachment material as to potential government cooperating defendant witnesses and/or confidential source witnesses (if any). As the Court may recall, in the last order entered by the Court, the deadline for witness lists and *Jencks/Giglio* material for these types of witnesses was ten days before trial. Now that the trial has been continued, some (but not all) defense counsel have asked that the government be ordered to produce a witness list and *Jencks/Giglio* material as to this category of witnesses as early as late July or early August.

The government opposes an earlier deadline for four reasons. *First*, as the Court is well aware, the standard practice in this District has long been for the government to produce this type of material between a week and ten days before trial. There is no reason to deviate from this standard practice in this matter; indeed, as set forth below, the record strongly shows that the Court should adhere to it.

*Second*, the parties previously agreed on a deadline of ten days before trial for the disclosure of this material. That trial date has since been continued at the defense request – a request the government did not join, but also did not oppose. However, the mere fact that some defense counsel felt they needed more time to prepare for trial does not give rise to a right to revisit other deadlines previously agreed to by the parties. Obtaining a continuance of the trial date is not grounds to obtain some other unrelated advantage.

*Third*, the early cooperator/CS discovery sought by the defense is contrary to law. Local Criminal Rule 16(b) permits the government to decline to provide the names of witnesses if that declination is in the interests of justice. As discussed below, there is a significant risk of witness intimidation and obstruction in this matter. In addition, Rule 16(c) provides that witness statements may be provided at trial per the *Jencks* act, 18 U.S.C. § 3500, or "at any time the parties agree."

U.S. Motion for Entry of Amended Case Management Order - 3
*U.S. v. Cheatham, et al., CR18-131RAJ; U.S. v. Morgan, et al., CR18-132RAJ;*
*U.S. v. Zeigler, CR18-161RAJ*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  To be clear, the government is not proposing to withhold this information
2  altogether.  It is prepared to provide *Jencks/Giglio/Henthorn* disclosures as to its law
3  enforcement witnesses *a full month before trial*.  It is also prepared to provide the
4  equivalent disclosures as to the limited list of potential witnesses for whom the
5  government has security concerns ten days before trial.  However, there is no sound legal
6  ground to compel the government to do so earlier.

7  *Fourth*, and most important, the government has significant and heightened
8  witness security concerns in this case.  As set forth in prior briefing, a number of
9  defendants in this matter are alleged to have ties to local street gangs, and the government
10  intercepted calls where gang-related violent incidents were discussed.  More recently, the
11  government has learned about specific incidents involving threats and attempted witness
12  intimidation in this matter.  Significantly, some of that information *comes from counsel*
13  *for some of the charged defendants*, who have alleged that their clients have received
14  threats based on a belief that the defendants in question were cooperating.  The
15  government has also seen social media postings containing threats and speculation as to
16  who may be "snitching" in this matter.  As such, premature disclosure of who may be
17  cooperating and/or who acted as a CS in this matter poses an unacceptable risk of
18  intimidation – or worse – to government witnesses.

19  **Deadline for Motions in Limine:**  A number of defense counsel have also
20  proposed a later deadline for motions in limine, with August 8 being one concrete
21  proposal.  The government interpreted the Court's comments at the February 22 hearing
22  as a strong expression of the Court preference to avoid last minute motions.  As such, the
23  government has left the Court's July 26 deadline in place in its draft.  However, the
24  government would not object to a later deadline for motions in limine if the Court finds
25  that acceptable, and defers to the court on that issue.

26  ## III.   CONCLUSION

27
28

U.S. Motion for Entry of Amended Case Management Order - 4
*U.S. v. Cheatham, et al., CR18-131RAJ; U.S. v. Morgan, et al., CR18-132RAJ;*
*U.S. v. Zeigler, CR18-161RAJ*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    For the reasons set forth above, the government respectfully submits that the Court

2  should enter the Amended Complex Case Management Order proposed by the

3  government, and overrule any requests to order the government to produce (in particular)

4  information pertaining to cooperating defendants and/or confidential sources that may

5  tend to disclose their identity earlier than set forth therein.

6    Dated this 1st day of March, 2019.

7                                          Respectfully submitted,

8                                          BRIAN T. MORAN
9                                          United States Attorney

10                                         */s/ Vincent T. Lombardi*
                                           VINCENT T. LOMBARDI
11                                         ERIN H. BECKER
12                                         NICHOLAS MANHEIM
                                           Assistant United States Attorneys
13                                         Phone: 206-553-5178
14                                         E-mail: vince.lombardi@usdoj.gov

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

U.S. Motion for Entry of Amended Case Management Order - 5
*U.S. v. Cheatham, et al., CR18-131RAJ; U.S. v. Morgan, et al., CR18-132RAJ;*
*U.S. v. Zeigler, CR18-161RAJ*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*/s/Karen Wolgamuth*
KAREN WOLGAMUTH
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-5050
FAX:   (206) 553-4440
E-mail: karen.wolgamuth@usdoj.gov

U.S. Motion for Entry of Amended Case Management Order - 6
*U.S. v. Cheatham, et al., CR18-131RAJ; U.S. v. Morgan, et al., CR18-132RAJ;*
*U.S. v. Zeigler, CR18-161RAJ*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970