The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 2:18-cr-000131-RAJ |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| JEROME RAY WILSON, | |
| Defendant. | |

This matter comes before the Court on Defendant Jerome Ray Wilson's motion for compassionate release. Dkt. 1474. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Wilson is an inmate currently detained at Federal Correctional Institution Sheridan, with a projected release date of November 6, 2023. On July 3, 2019, he entered a plea of guilty to one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, and one count of Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 925(c)(1)(A)(i) and 2. Dkt. 907. On October 18, 2019, this Court sentenced Mr. Wilson to 66 months in custody, to be followed by 3 years of supervised release. Dkt. 1157. Mr.

ORDER - 1

Wilson now moves for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served and grant his immediate release to begin his three-year term of supervised release.

## II. DISCUSSION

### A.      Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13.

The policy statement, found at USSG § 1B1.13, directs that before reducing an otherwise final sentence, in addition to an "extraordinary and compelling reason" supporting the reduction, a court must find (1) that the defendant does not present a danger to others and the community, and (2) that the reduction be appropriate after considering the factors in 18 U.S.C. § 3553(a).  As relevant to this motion, the application notes then provide:

(C) **Family Circumstances**.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

The notes then state that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this

ORDER - 2

1  policy statement," and "whether the defendant is a danger to the safety of any other

2  person or to the community." USSG § 1B1.13 cmt. n.4.

3        The policy statement also directs a court to consider the factors set forth in 18

4  U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form

5  compassionate release should take.  USSC § 1B1.13 cmt. n.4.

6        Mr. Wilson's motion seeks a reduction in sentence under 18 U.S.C. §

7  3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A)

8  permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion

9  with the sentencing court for "compassionate release."  As relevant to Mr. Wilson's

10  motion, the statute now provides:

11        (c) Modification of an imposed term of imprisonment. --The court
12        may not modify a term of imprisonment once it has been imposed
          except that--

13        (1) in any case--

14        (A) the court, upon motion of the Director of the Bureau of Prisons, or
15        upon motion of the defendant after the defendant has fully exhausted
          all administrative rights to appeal a failure of the Bureau of Prisons to
16        bring a motion on the defendant's behalf or the lapse of 30 days from
          the receipt of such a request by the warden of the defendant's facility,
17        whichever is earlier, may reduce the term of imprisonment (and may
18        impose a term of probation or supervised release with or without
          conditions that does not exceed the unserved portion of the original
19        term of imprisonment), after considering the factors set forth in
20        section 3553(a) to the extent that they are applicable, if it finds that--

21        (i) extraordinary and compelling reasons warrant such a reduction;

22        . . .

23        and that such a reduction is consistent with applicable policy
24        statements issued by the Sentencing Commission.

25  18 U.S.C. § 3582(c)(1)(A).

26        The relevant statute gives this Court authority to reduce a previously imposed

27  sentence if three requirements are satisfied: (1) the inmate has either exhausted

28  administrative review of the Bureau of Prison's failure to bring such a motion, or waited

ORDER - 3

until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

### B.      Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Wilson's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). On August 13, 2020, Mr. Wilson served on the warden of his facility a request for a reduction in his sentence. Dkt. 1474, Ex. A. He received no response. As the statutorily required 30-day period has expired, Mr. Wilson's motion is properly before the Court.

### C.      Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Wilson's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--

(1)(A) Extraordinary and compelling reasons warrant the reduction…

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and

(3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

 (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence.

Mr. Wilson argues that he has presented an extraordinary and compelling reason to grant his immediate release in that his common law spouse, Danielle Lowe, has been diagnosed with terminal Stage 4 breast cancer, and Mr. Wilson is needed at home to provide support and care for his common law spouse and young children.  Dkt. 1474.

The government opposes Mr. Wilson's motion, arguing that while sympathetic to Mr. Wilson's family circumstances, Ms. Lowe's cancer diagnosis preceded this Court's sentencing of Mr. Wilson and was known to and taken into consideration by the Court at that time.  The government argues that Mr. Wilson has failed to meet his burden on the child caregiver prong of the statute, indicating the evidence presented has not shown that Ms. Lowe is unable to care for herself or the children, and there is no evidence that there are no other family members or friends available to assist.  Dkt. 1506.

The government further argues that Mr. Wilson has failed to meet his burden on the spouse/partner prong, setting forth that Mr. Wilson and Ms. Lowe do not have a qualifying relationship under USSG 1B1.13, application note 1(C)(ii), which only applies to a "spouse or registered partner."  While Mr. Wilson refers to Ms. Lowe as his

"common law spouse," the government points out that Washington law does not recognize such relationships and that Mr. Wilson has not provided a sufficient factual basis to support this claimed relationship.  Dkt. 1506.

The Court agrees with Mr. Wilson on several points.  First and foremost is that Ms. Lowe may need caretaking as she battles Stage 4 breast cancer.  The Court is most sympathetic that she is facing this challenge with significant medical treatments including chemotherapy and strong pain medications including Oxycontin and Oxycodone.  Dkt. 1474, Ex. A.  Specifics on the extent or degree of her incapacitation are unknown.

Second, the Court is satisfied that Mr. Wilson has provided adequate proof of parentage of the two children.

Last, the Court is aware of the impact upon children when a parent is incarcerated, which is a growing concern in this country.

These are the only aspects of Mr. Wilson's reasons for release that the Court accepts as proven by him.

The basic premise articulated by Mr. Wilson is that he should be released to provide care for Ms. Lowe.  Several obstacles to this claim are present.  The § 1B1.13 Guidelines Application limit the qualifying relationship to one who is a "spouse" or "registered partner."  The Court accepts that the Application Notes are antiquated in this limitation.  It is common knowledge that many couples in this country are in relationships, have children but never marry or meet the registered partner requirements but would clearly qualify as caregivers under similar circumstances to this case.  Despite this understanding, the Court is uncertain as to the precise nature of Mr. Wilson's claimed relationship to Ms. Lowe.

When defining a caregiver, the Guidelines make no reference to, *e.g.*, an intimate partner, dating partner, a person who shares a child in common, a person who cohabitates or has cohabitated or even a social relationship.  *See, e.g., 18 U.S.C. 2266.*  Other than counsel's argument and a brief reference in the PSR to Mr. Wilson being in a

"relationship" with Ms. Lowe, the evidence is scant to support the extent of the
relationship as claimed by Mr. Wilson.  PSR ¶ 95.

Mr. Wilson argues that Ms. Lowe is his "common-law spouse."  Washington law
does not recognize such relationships.  Mr. Wilson likewise cannot meet the "registered
partner" relationship as he presents no facts that he has any form of a civil union or
registered domestic partnership.

Mr. Wilson's relationship with Ms. Lowe also suffers from a factual standpoint.
Ms. Lowe admitted when interviewed by law enforcement on October 25, 2018, that she
was but one of many girlfriends with whom Mr. Wilson has spent time.  She also
indicated she did not know Mr. Wilson's whereabouts and told him to stop contacting her
until he dealt with his arrest warrant.  In addition, when interviewed, Ms. Lowe stated
that Mr. Wilson was not living full time with her and her children, but only stayed there a
few nights each month.  Dkt. 1506-1, Ex. 2.

Other than pictures and affirmations of parentage, Mr. Wilson fails to establish
that he had the type of relationship with Ms. Lowe to qualify or warrant compassionate
release as a spouse, intimate partner, or someone who had strong enough ties to establish
a framework for the Court to conclude that he is the type of caregiver in mind when this
exception was created.  At best is his statement in his presentence interview where he
described Ms. Lowe as his "current partner."  PSR ¶ 95.

The Court next turns to the evidence Mr. Wilson has presented that he is the *only*
family member capable of and available for caring for the two children, or that he is the
only person available to help Ms. Lowe.  Mr. Wilson's evidence is that while he has
siblings, Ms. Lowe has no interactions with them.  This claim is only supported by
argument of counsel and not backed up by an affirmative statement from Ms. Lowe.
There is no evidence from Mr. Wilson's siblings that they are unwilling or refusing to
provide any level of caregiving for Ms. Lowe or the children, or indication that they have
even been approached on this topic.  As noted by the government, more significant is the
complete absence of *any* evidence, statement, declaration or otherwise from Ms. Lowe's

older children, siblings (if she has any), or any other family member or friends regarding their willingness or unavailability to assist in her or her children's caregiving.  In her interview with law enforcement on January 23, 2019, the report indicates that Ms. Lowe's "best friend" worked at Ivar's Restaurant in Seattle.  Again, another individual who could affirm or deny a willingness to be a caregiver was not included in Mr. Wilson's evidence about her ability to assist Ms. Lowe.  Dkt. 1506, Ex. 2.

The evidence Mr. Wilson has presented convinces this Court that at some point Ms. Lowe and her children may need caretaking, but the Court is not convinced that Mr. Wilson has established that he should be released to be that caregiver or that he is the only possible caregiver.

Fatal to Mr. Wilson's request for release is the probation officer's report regarding a release plan for Mr. Wilson.  The Court agrees with the government on this topic.  Ms. Lowe did not return the probation officer's calls seeking to confirm the release plan and suitability of her residence for Mr. Wilson's release.  As a result, probation noted the need for housing in a residential reentry center if this Court were to grant the compassionate release motion.  This observation and recommendation do not support that Mr. Wilson is needed, or Ms. Lowe's choice, to care for her or their children if he were to be released to the RRC.

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Wilson bears the burden to show "extraordinary and compelling reasons" that meet the directives set by Congress and the Sentencing Commission for compassionate release to be granted.  *See Riley v. United States,* C19-1522 JLR 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020); *United States v. Greenhut,* No. 2:18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020.

The Court concludes that Mr. Wilson has failed to carry his burden to show that he is the only caregiver available to Ms. Lowe or their minor children even if or when she becomes incapacitated.  The Court recognizes that this may be a harsh result, but this

ORDER - 8

Court is duty bound to consider the evidence to support a compassionate release and the evidence provided does not support Mr. Wilson's claim.

**D. Safety of Others**

Having made the determination that Mr. Wilson has failed to meet his burden to support compassionate release, there is no need for this Court to address the issue of whether he is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142 (g).

## III.  CONCLUSION

For the foregoing reasons, Defendant Jerome Ray Wilson's motion for compassionate release is **DENIED**.

DATED this 10th day of February, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER - 9